**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 22 2013

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-32472 |
| | ) | |
| Todd Pees | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING MOTION TO AVOID LIEN

This case is before the court on Debtor's motion ("Motion") [Doc. # 98] to avoid certain judicial liens held by Clifford E. Collins, a creditor of the Debtor. Debtor brings his Motion pursuant to 11 U.S.C. § 522(f)(1) which, under a formulaic method, allows debtors to avoid a "judicial lien" on their interests in real or personal property to the extent that the lien impairs an exemption. Mr. Collins filed a *pro se* objection to Debtor's Motion. [Doc. # 103].

On February 21, 2013, the court held a hearing on the Motion. At the hearing, counsel for Debtor, Randy Reeves, appeared. Mr. Collins did not appear; nor did anyone appear on behalf of Mr. Collins. At the hearing, the court required Attorney Reeves to file a supplement to the Motion, wherein he would apply the avoidance formula set forth in § 522(f)(1). [Doc. # 106]. This supplement has now been filed and served. [Doc. # 108]. No response to the supplement was filed by Mr. Collins within the time period prescribed by LBR 9013-1(b). The court considers the Motion ripe for adjudication.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. In this matter, Debtor, based upon his exemptible interest in certain property, seeks to avoid judicial liens held by Mr. Collins in that property. Matters concerning a debtor's exemptible interest in property, as well as a proceeding to avoid a lien, are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(B) and (K). For the reasons that follow, Debtor's Motion will be granted.

## FACTUAL BACKGROUND

On April 17, 2009, the Debtor, Todd Pees, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. [Doc. #1]. Prior to filing for bankruptcy relief, Clifford E. Collins obtained a judgment against Debtor in the amount of $67,186.91, plus court costs of $243.07. Thereafter, Mr. Collins filed a certificate of his judgment with the clerk of courts for the Hardin County Court of Common Pleas, thereby giving rise under Ohio law to a judgment lien on all real property owned by Debtor in Hardin County, Ohio. O.R.C. § 2329.02.

In his bankruptcy schedules, Debtor disclosed that, at the time he filed for bankruptcy relief, he held interests in multiple parcels of real property located at the following addresses in Kenton, Ohio: (1) 11313 Eldridge Lane; (2) 325 N. Wayne St.; (3) 309 N. Glendale St.; (4) 708 N. Detroit St.; (5) 210 E. Franklin St.; (6) 515 E. Decatur St.; (7) 680 W. Lima St.; and (8) 40 Barron St. The Debtor also held an interest in real property located at 11588 Channel View Dr., Lakeview, Ohio. Except for the Channel View Drive property in Lakeview, Ohio, all of the properties are located in Hardin County, Ohio and subject to the judgment lien of Mr. Collins. The Lakeview, Ohio real estate is located in Logan County, Ohio. [Doc. # 27, ¶ 2, p.2/6]. Debtor's Motion refers, however, only to a judgment lien recorded by Mr. Collins in Hardin County, Ohio, JL 20094212. The record does not show whether Mr. Collins recorded a certificate of judgment in Logan County, Ohio and thus whether he has any judgment lien on the Lakeview, Ohio real property interests of Debtor. Although Debtor's Motion and supplement refer to the Lakeview, Ohio real estate, nothing in the record shows that Mr. Collins has a judgment lien in that property arising from the filing of a certificate of judgment in Logan County, Ohio. If he does, Debtor must file a separate motion identifying and seeking avoidance of said judgment lien.

2

Debtor disclosed that the first of the above properties listed, on Eldridge Lane, is used as his residence. In his bankruptcy schedules, Debtor claimed an exemption in this property in the amount of $20,200.00, citing to O.R.C. § 2329.66(A)(1). For the remainder of the above properties, the Debtor claimed an exemption of $1.00 in each, citing to O.R.C. § 2329.66(A)(18). There were no objections to his claimed exemptions filed.

For each of the above properties, Debtor held, at the commencement of this case, a fee interest, either to the entire property (subject only to the dower interest of his wife), or as an undivided one-half interest in the property. At the time he filed for bankruptcy relief, the Debtor also held a one-half interest, as a vendee under a land contract, on 3.9 acres of land in Kenton, Ohio. Debtor, however, did not claim an exemption in this interest.

After he filed for bankruptcy relief, two of the above properties – the Detroit and Barron Street properties – were sold in foreclosure and Debtor has withdrawn the Motion as to them. [Doc. # 108, p. 2/3]. For the remaining real estate in which he holds a fee interest, Debtor submitted to the court an itemization showing the value of each of the properties. Corresponding to each of the properties, Debtor also submitted an itemization showing the value of the liens and other interests encumbering the properties that are superior in priority to the judgment liens held by Mr. Collins. Together, these valuations show that, after his exemptions are taken into account, the judgment liens held by Mr. Collins are not supported by any value in any of Debtor's real properties subject to the Motion.

## LAW AND ANALYSIS

In this case, Debtor seeks to avoid the judgment liens held by Mr. Collins against six properties in which Debtor maintains a fee interest in Hardin County, Ohio. The street addresses for these six properties are: (1) 11313 Eldridge Lane; (2) 325 N. Wayne St.; (3) 309 N. Glendale St.; (4) 210 E. Franklin St.; (5) 515 E. Decatur St.; and (6) 680 W. Lima St. As the basis for his action to avoid the judgment liens held by Mr. Collins against these properties, Debtor cites 11 U.S.C. § 522(f)(1).

Section 522(f)(1) provides, in relevant part:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor

3

may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–

    (A) a judicial lien, . . .

The intended functions of this provision are to protect a debtor's exempt property, and to act as a "device to thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions." *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991). The statute's effect is to protect a debtor's future interest in the property encumbered by the lien because once the lien is avoided, it does not reattach to the property and, thus, the property is forever free of the lien. *In re Canelos*, 216 B.R. 159, 165 n.6 (Bankr. D.Md.1997); 11 U.S.C. § 522(c).

    Section § 523(f)(1)(A) consists of three elements: (1) the lien must be a judicial lien; (2) the lien must be fixed against an interest of the debtor in property; and (3) the lien must impair an exemption to which the debtor would otherwise be entitled. *McCart v. Jordana (In re Jordana)*, 232 B.R. 469, 473 (10th Cir. B.A.P. 1999). It is the Debtor's burden to demonstrate that each of these elements is satisfied. *Estate of Catli v. Catli (In re Catli)*, 999 F.2d 1405, 1406 (9th Cir.1993). Debtor has made his prima facie showing for these elements.

    First, in his written response to the court, Mr. Collins acknowledged that the liens he holds against the Debtor's properties are judgment liens. As it applies to § 523(f)(1)(A), a judgment lien qualifies as a "judicial lien," with the Bankruptcy Code defining a "judicial lien" as a "lien obtained by *judgment*, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36) (emphasis added). .

    The second element of § 522(f)(1) requires that the lien must be fixed against an interest of the debtor in property. In *Farrey v. Sanderfoot*, the United States Supreme Court explained this requirement in these terms:

> . . . the statute expressly states that the debtor may avoid "the fixing" of a lien on the debtor's interest in property. The gerund "fixing" refers to a temporal event. That event-the fastening of a liability-presupposes an object onto which the liability can fasten. The statute defines this pre-existing object as "an interest of the debtor in property." Therefore, unless the debtor had the property interest to which the lien attached at some point before the lien attached to

4

that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).

500 U.S. at 296, 111 S.Ct. at 1829. Put plainly, the second element of § 522(f)(1) requires that, as a prerequisite to a lien's avoidance, the debtor have an interest in the liened property at the time the lien arises.

In this case, no evidence was presented concerning the time at which Mr. Collins perfected his judgment as a lien against Debtor's properties. Notwithstanding, no indication has been given to the court that Debtor did not, at the time the liens of Mr. Collins arose, have an ownership interest in the properties which are now the subject of the liens held by Mr. Collins. Importantly, no indication was given that the judgment liens held by Mr. Collins arose as the result of real property acquired by Debtor after Mr. Collins had perfected his judgment in the Hardin County Court of Common Pleas – a result which could potentially run afoul of the Supreme Court's holding in *Farrey v. Sanderfoot*, supra, imposing the temporal requirement that a debtor have an interest in the liened property at the time the lien arises.

This result conforms to O.R.C. § 2329.02 which governs the creation of judgment liens in Ohio. Section 2329.02 has been held not to apply to after acquired property. *Bank of Ohio v. Lawrence*, 161 Ohio St. 543, 548, 120 N.E.2d 88, 91 (1954) (addressing the predecessor to § 2329.02 and stating that "by every legal intendment the lien of the judgment fixes in praesenti, not in futuro."). Thus, consistent with the second element of § 522(f)(1), the existence of a judgment lien under Ohio law presupposes that a judgment-debtor has an interest in property before a judgment lien may attach to the property. *In re Jerew*, 415 B.R. 303, 306 (Bankr. N.D.Ohio 2009).

The third and final requirement of § 522(f)(1) requires that a debtor show that the lien must impair an exemption to which the debtor would otherwise be entitled. For purposes of § 522(f), impairment is defined in the statute according to the following formula:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens

5

>     on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

Pursuant to this formula, the valuations provided by Debtor show that, after accounting for his claims of exemption, the value of the senior liens encumbering Debtor's real estate exceeds the value of Debtor's properties. The judgement liens held by Mr. Collins, therefore, are not support by any value. Under the impairment formula of § 522(f), where a creditor's lien is not supported by any value, the lien is subject to complete avoidance. *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547, 549–50 (6th Cir.1998) ("because the amount of the impairment exceeds the amount of Star Bank's liens sought to be avoided, the liens would be avoidable in full."). Accordingly, as advanced by Debtor, the judgment liens held by Mr. Collins are subject to being avoided in their entirety.

In opposition to avoidance of his judgment liens, Mr. Collins did not challenge the valuations advanced by Debtor; nor did he file an objection to Debtor's claims of exemption. Instead, his argument is largely an equitable one. In particular, Mr. Collins, while not challenging Debtor's motion to avoid his liens with respect to Debtor's residence, questioned why Debtor should be able to stiff his creditors in bankruptcy while keeping his nonresidential real estate through avoidance of judgment liens that attached to them. For this purpose, and although the record does not show any judgment lien in his favor therein, Mr. Collins took specific aim at Debtor's property on Channel View Drive in Lakeview, Ohio, which Mr. Collins characterizes as a "resort property." [Doc. # 103]. However, the court has determined that this property is not included in Debtor's motion because there is no showing that a judgment lien has attached to it under Ohio law.

The equitable argument advanced by Mr. Collins raises the issue of what may be termed artificial impairment. That is, whether a debtor may claim a *de minimis* exemption on an interest in property – in this case, $1.00 – for the sole purpose of avoiding a creditor's lien pursuant to § 522(f)(1). Because Debtor's claim of a $1.00 exemption in his nonresidential real estate is made under Ohio law, O.R.C. § 2329.66(a)(18), the issue raised by Mr. Collins must necessarily consider first whether Debtor's use of the exemption statute is permissible under Ohio law.

Section 2329.66(a)(18) of the Ohio Revised Code provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(18) The person's aggregate interest in any property, not to exceed one thousand seventy-five dollars, except that division (A)(18) of this section applies only in bankruptcy proceedings.

This provision is often referred to as the "wild card" exemption.

When interpreting Ohio law, this court is bound to follow any decision on point rendered by the Ohio Supreme Court. This court is not aware of any decision rendered by the Ohio Supreme Court on point with the issue raised by Mr. Collins.[1] In this circumstance, this court must attempt to predict how the Ohio Supreme Court would rule if confronted by the same issue. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006). In doing so, the court "may rely upon analogous cases and relevant dicta in the decisional law of the State's highest court, opinions of the State's intermediate appellate courts to the extent that they are persuasive indicia of State Supreme Court direction, and persuasive opinions from other jurisdictions . . . ." *Id.* (quoting *Welsh v. U.S.*, 844 F.2d 1239, 1245 (6th Cir.1988)).

In matters of statutory interpretation, the Ohio Supreme Court has consistently held that when the language of a statute is "clear and definite, it must be applied as written." *State v. Anthony*, 96 Ohio St.3d 173, 175, 772 N.E.2d 1167, 1170 (2002). When making such a determination, Ohio law directs that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." O.R.C. § 1.42. To this end, all words and phrases of a statute should be afforded full force and effect and a court should not strike or read anything out of a statute. *Wachendorf v. Shaver*, 149 Ohio St. 231, 237, 78 N.E.2d 370, 374 (1948). Moreover, when an exemption provision is being construed, the Ohio Supreme Court ascribes to the principle that the provision is to be construed liberally in favor of the debtor. *See, e.g., Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 504 N.E.2d 1100, 1103 (1986).

On this issue before the court, two words stand out in § 2329.66(a)(18): (1) aggregate; and (2) any.

---

[1] As this exemption only applies in bankruptcy cases, it is unlikely that the Ohio Supreme Court will ever reach this specific issue.

To give both these words proper effect, § 2329.66(a)(18) can only be read so as to permit a debtor to allocate the wildcard exemption among multiple items of property, and in any denomination (even $1.00), so long as the total amount claimed as exempt in all property does not exceed $1,075.00.

First, the ordinary meaning of the word "aggregate," which modifies the word "interest" in § 2329.66(a)(18), means: "Formed by *combining* into a single whole or total." BLACK'S LAW DICTIONARY (9th ed. 2010) (emphasis added). It is, therefore, logical to conclude that, by the placement of the word "aggregate" in § 2329.66(a)(18), a debtor can combine, and even stack, Ohio's wildcard exemption in any manner he or she chooses. Second, § 2329.66(a)(18)'s use of the word "any," whose meaning is axiomatic, modifies the word "property," thus showing that all property, no matter its type or character, is subject to the wildcard exemption. *See In re Miller*, 427 B.R. 616, 619 (Bankr. N.D.Ohio 2009) ("Section 2329.66(A)(18), by permitting a debtor to exempt 'any' property, does not serve to constrain the character of the property which may be claimed as exempt.").

This conclusion, that § 2329.66(a)(18) allows bankruptcy debtors to allocate at their discretion the value of Ohio's wildcard exemption among any property, whether a single item of property or multiple items of property, conforms with the whole concept of a wildcard exemption: To account for items of property that have a particular intrinsic value to the debtor, but which would otherwise be subject to liquidation. Notwithstanding, while Debtor's right to claim an exemption is initially determined by Ohio law, the subject of impairment in § 522(f)(2)(A) is ultimately an issue requiring the application of federal law. *Brinley v. LPP Mortgage, LTD.*, 403 F.3d 415, 421 (6th Cir. 2005).

On the issue raised by Mr. Collins, concerning artificial impairment, the court agrees that Debtor's use of § 522(f)(1) does not closely comport with the provision's intended functions. These functions, as set forth above, are to protect a debtor's exempt property, and to act as a device to thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions. At the same time, nothing in § 522(f)(1) expressly proscribes how Debtor seeks to use the statute. Instead, the statute simply provides: " . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . ." No minimum dollar threshold is expressed in the statute.

8

When interpreting a bankruptcy statute, the United States Supreme Court holds that the plain meaning of the legislation should be conclusive, except in those rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). In this case, although Debtor's artificial impairment of his nonresidential real estate does not fit closely with the intended functions of § 522(f)(1), the court is not willing to make the interpretive leap that would be necessary to find that Debtor's use of the statute is demonstrably at odds with the intention of its drafters.

A judicial lien, such as the judgment liens held by Mr. Collins, can only be completely avoided under § 522(f)(1) when the lien is not supported by any value in the liened property. In such a situation, were the encumbered property to be sold through foreclosure, the unsupported lien would also be extinguished without payment. *See*, *e.g.*, *Deutsche Bank Natl. Trust Co. v. Richardson*, 2011-Ohio-1123, 2011 WL 900790 (Ohio Ct. App. 2nd Dist. Darke County 2011) (the mortgage and liens are extinguished when a foreclosure sale of the underlying real property is completed and confirmed).

Thus, given that a Chapter 7 bankruptcy operates in a fashion akin to a global foreclosure under Ohio law, whereby a debtor's nonexempt assets are marshaled and distributed to creditors,[2] the avoidance of the judgment liens held by Mr. Collins does not place him in any worse of a position had he sought, on a prepetition basis, to enforce his liens by foreclosing on them in state court. As such, the priority scheme established under Ohio law for interests in real property is not upset by this result.

A couple of other considerations also support a plain meaning application of § 522(f)(1). First, the interests Mr. Collins held in Debtor's properties were protected in Debtor's bankruptcy given the fact that he had the right to purchase the properties from the estate. Thus, had Mr. Collins thought that his liens had value, he could have protected his interests by purchasing the properties from Debtor's bankruptcy estate. Second, other courts, when faced with a debtor claiming an exemption of $1.00 in property for the purpose of avoiding a judicial lien under § 522(f), have allowed the debtor to proceed with the action. In this way, it was noted in the decision of *In re Oglesby*, that "[a]lthough it may appear that the Debtor's claimed exemption of $1.00 is an insignificant amount, the law accords great significance to $1.00 in issues

---

[2] *Williams v. United States Fidelity & Guaranty Co.*, 236 U.S. 549, 554, 35 S.Ct. 289, 59 L.Ed. 713 (1915).

involving lien avoidance." 333 B.R. 788, 791 (Bankr. S.D.2005). *See also Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68, 75 (8th Cir. B.A.P. 2001) (affirming bankruptcy court's decision to avoid a creditor's judgment lien to the extent that it impaired the $1.00 exemption claimed by the debtor in the subject parcel of nonresidential real estate).

For these reasons, avoiding the judgment liens of Mr. Collins under § 522(f)(1), through Debtor's artificial impairment of his nonresidential real estate, while not entirely equitable, cannot be said to be a result demonstrably at odds with the intention of its drafters. Consequently, since a plain meaning application of both Ohio law, O.R.C. 2329.66(a)(18),[3] and federal law, 11 U.S.C. § 522(f)(1), countenance allowing debtors to use the exemptions at their disposal to produce an "artificial" impairment for the purposes of avoiding a judicial lien, the court will not estop Debtor, on equitable grounds, from avoiding the judgment liens held by Mr. Collins. Consequently, with Debtor having established a prima facie case on the elements for lien avoidance under § 522(f)(1), and with the Mr. Collins having failed to rebut Debtor's entitlement to have his liens avoided, the Court will grant Debtor's Motion to Avoid Judgment Lien of Clifford E. Collins.

A separate order in accordance with this Memorandum of Decision will be entered.

###

---

[3] The real culprit from Mr. Collins' standpoint is the existence and breadth of the Ohio legislature's bankruptcy specific "wildcard" exemption. A bankruptcy specific exemption under Michigan's state statutory exemption framework has been found constitutional by the United States Court of Appeals for the Sixth Circuit. *In re Schafer*, 689 F.3d 601 (6th Cir. 2012), *cert. denied* 133 S. Ct. 1244 (2013).